RECEIVED
SDC, WESTERN DISTRICT OF L
TONY R. MOORE, CLERK
3/27/15
YT

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

b

| | |
|---|---|
| NICHOLAS COURVILLE,<br>    Plaintiff<br><br>VERSUS<br><br>CORRECTIONS CORPORATION OF<br>AMERICA, et al.,<br>    Defendants | CIVIL ACTION<br>SECTION "P"<br>NO. 1:14-CV-02190<br><br><br>JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, with supplemental state law claims, by plaintiff Nicholas Courville ("Courville") on June 25, 2014 (Doc. 1).[1] The named defendants are the Corrections Corporation of America ("CCA")(operator of the Winn Correctional Center ("WCC") in Winnfield, Louisiana), Kathy Richardson ("Richardson")(employed by CCA as a Licensed Practical Nurse at WCC),[2] and the Louisiana Department of Public Safety and Corrections-Adult Services ("La. DPSC").

Courville contends that, while he was incarcerated in the WCC in 2013, he was denied medical care for his kidney disease (Doc.

---

[1] Courville was represented by counsel at the initiation of this suit, but is currently unrepresented (Doc. 26).

[2] Defendant Richardson was never served (Doc. 3). However, Richardson made an appearance when she answered the complaint (Doc. 10).

1). Courville contends that blood tests were performed at WCC's on-site hepatitis clinic in April 2013 which indicated that he had serious kidney problems, but Courville was never informed of the test results by Kathy Richardson or other WCC employees (Doc. 1). Repeated blood tests on November 6, 2013 indicated worsening kidney problems, but Courville alleges he was still not informed of the test results (Doc. 1). Courville alleges he learned of his kidney problems when he was admitted to the LSU-Health Center in Shreveport on November 8, 2013 and was told he was in fifth stage renal failure with less than fifteen percent kidney function (Doc. 1). A kidney biopsy on November 11, 2013 revealed end stage renal disease (Doc. 1). Courville contends that defendants' failure to timely disclose and treat his medical condition resulted in additional medical problems and irreversible damages to his kidneys (Doc. 1).

Courville alleges that defendants' violations of Section 1983 resulted from a policy or custom of deliberate indifference to the medical needs of inmates, as well as negligence under Louisiana state law (Doc. 1). For relief, Courville asks for monetary damages including punitive damages, attorney fees, costs, and legal interest (Doc. 1).

Defendants answered the complaint (Doc. 10) and filed a motion to dismiss on behalf of the Louisiana DPSC (Doc. 21), to which Courville responded (Doc. 25). Defendants' motion to dismiss is

now before the court for disposition.

Law and Analysis

Motion to Dismiss

A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hirras v. National Railroad Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231, 114 S.Ct. 2732 (1994); Doe, 753 F.2d at 1102. For the purposes of a motion to dismiss for failure to state a claim upon which relief can be granted, the factual allegations of the complaint must be taken as true, and any ambiguities must be resolved in favor of the pleader. Doe v. U.S. Dept. of Justice, 753 F.2d 1092, 1101 (D.C.Cir. 1985). It is presumed that general allegations embrace the specific facts that are necessary to support the claim. National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 114 S.Ct. 798, 803 (1994), citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 2137 (1992).

Eleventh Amendment

The Eleventh Amendment to the U.S. Constitution bars all suits

in law or equity against an unconsenting state, <u>Neuwirth v. Louisiana State Board of Dentistry</u>, 845 F.2d 553, 556 (5th Cir. 1988), and under La.R.S. 13:5106, the state of Louisiana has not waived her immunity under the Eleventh Amendment from suit in federal court. <u>Anderson v. Phelps</u>, 655 F.Supp. 560, 563-64 (M.D. La. 1985). See also, <u>Loya v. Texas Dept. of Corrections</u>, 878 F.2d 860 (5th Cir. 1989).

It is established that the Louisiana Department of Public Safety and Corrections is a department of the executive branch of the state of Louisiana, La. R.S. 36:4, and thus an agency of the state which has Eleventh Amendment immunity from suit in federal court. <u>Anderson v. Phelps</u>, 655 F.Supp. 560, 563-64 (M.D. La. 1985). Also, <u>Foster v. State of Louisiana through Dept. of Corrections</u>, 2008 WL 3477016 (E.D.La. 2008).

Therefore, defendants' motion to dismiss should be granted and Courville's action against the Louisiana Department of Public Safety and Corrections should be dismissed.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion to dismiss (Doc. 21) be GRANTED and that Courville's action against the Louisiana Department of Public Safety and Corrections be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from

service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _____ day of March 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE